**UNITED STATES of America, Appellee**

v.

**Jerome D. WASHINGTON, Appellant.**

No. 08–3058.

United States Court of Appeals, District of Columbia Circuit.

April 9, 2010.

Mary B. McCord, Esquire, Assistant U.S. Attorney, Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Howard B. Katzoff, Law Office of Howard B. Katzoff, Washington, DC, for Appellant.

Before: GINSBURG and BROWN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered upon the briefs and the appendices filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order denying the appellant's motion to vacate, set aside, or correct his conviction be affirmed.

After an extensive bench conference about a juror's possible use of a document apparently related to the "prisoner's dilemma," Washington waived any objection to the court's decision not to question the juror and then failed to raise the issue on direct appeal, 353 F.3d 42 (D.C.Cir.2004). As a result of this double procedural default, Washington may raise the issue now only upon a showing of cause and prejudice. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Pettigrew,* 346 F.3d 1139, 1144 (D.C.Cir.2003). The district court properly held Washington shows neither. Washington's attempt to show cause by arguing ineffective assistance of counsel is unavailing because that claim also requires him to show prejudice, in addition to deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His failure to show cause and prejudice prevents him both from raising this issue on collateral review and from showing good cause for his request to interview jurors.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.